FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT ED N.Y:
★ AUG 2 2006 ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MUHAMMAD NAJIEB,

       Plaintiff,

- against -

UFCW LOCAL UNION 888, GRACE CECILIO,
PATRICIA ROSSMY, JOSEPH V. MOLITERNO,
STEVEN H. KERN, CHRISTINA HAJAGOS-
CLAUSEN,

       Defendants.

------------------------------------------------------------X

**MEMORANDUM & ORDER**
1:06-cv-03676-ENV-LB

**VITALIANO, D.J.**

    This matter came on for hearing on plaintiff's motion for preliminary injunction by order to show cause. None of the defendants appeared on the return date. While there are substantial questions regarding the sufficiency of service, the Court found for purposes of the hearing only, and without prejudice to further motion or pleading of any defense directed at the validity of service or otherwise, that sufficient notice of plaintiff's application for preliminary relief had been given to all named defendants.

    For the reasons given on the record, to the extent plaintiff seeks relief under 42 U.S.C. § 1983, that is, for violation of his constitutional rights, plaintiff makes no showing that any defendant acted under the color of state law. Moreover, to the extent plaintiff seeks relief under federal employment discrimination laws, such claim cannot lie on the facts alleged against any party other than his employer, New York Foundling.[1] Since plaintiff's proof offered at the

---

[1] The Court is liberally construing the complaint for purposes of this hearing to include plaintiff's employer as if it were a defendant. Literally, the complaint names only its regional director, Patricia Rossmy, personally.

hearing does not establish the slightest likelihood of success as to any other party, as to all named defendants the motion for a preliminary injunction must be denied.

As to New York Foundling, plaintiff acknowledges and offers proof that there exists a collective bargaining agreement between his employer and his union agreeing as a matter of contract that his employer, New York Foundling, may take the very actions which are the gravamen of the complaint. This decidedly tips the scales against plaintiff as there is no showing of a likelihood of ultimate success on the merits against New York Foundling either. Further, plaintiff has a full, complete and more than adequate remedy at law which he also seeks in his complaint. Finally, if the conduct about which plaintiff complains is unlawful under 42 U.S.C. § 2000e-5, with respect to New York Foundling, that very statute provides for back pay, reinstatement of any lost employment, costs and attorney's fees. The adequacy of his remedy at law vitiates plaintiff's claim of irreparable harm. Therefore, assuming the process which plaintiff claims was served and accepted at the main office of New York Foundling intended to name New York Foundling as a defendant, the proof offered by plaintiff fails to sustain his burden against New York Foundling as well.

The motion for preliminary injunctive relief is denied.[2]

SO ORDERED.

DATED: Brooklyn, New York
July 31, 2006

ERIC N. VITALIANO
U.S.D.J.

---

[2] Plaintiff's complaint also broadly refers to 5 U.S.C. § 552 as a basis for relief. That section deals with information maintained by federal agencies. This section of law has no apparent applicability to any of the claims asserted by plaintiff.