UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MUHAMMAD NAJIEB,

          Plaintiff,

    -against-

UFCW LOCAL UNION 888;
GRACE CECILIO, HR Generalist;
PATRICIA ROSSMY, Regional Director;
JOSEPH V. MOLITERNO, Esq.;
STEVEN H. KERN, Esq.;
CHRISTINA HAJAGOS-CLAUSEN,
Union Representative,

          Defendants.
-----------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

06-CV-3676 (ENV)



VITALIANO, District Judge:

    Plaintiff Muhammad Najieb filed the above-captioned *pro se* complaint on July 26, 2006, in conjunction with a proposed Order to Show Cause for Preliminary Injunction and Temporary Restraining Order. Plaintiff has paid the requisite filing fee to commence this action. Following a hearing on July 31, 2006, this Court denied Plaintiff's request for a preliminary injunction and temporary restraining order. The Court now dismisses the Complaint in its entirety, for the reasons set forth below.

## BACKGROUND

    Plaintiff has been employed by New York Foundling since at least 1980. (Complaint ("Compl.") at 2.) He asserts that at no time during the first 25 years of his employment was he required to submit fingerprints as a condition of employment. (Id.) At some point, his employer instituted a policy requiring employees to submit fingerprints. (Id.) Plaintiff has thus far refused to submit fingerprints and has requested that his employer cite the legal basis for instituting this policy. (Id.) Plaintiff alleges that his employer and staff members at UFCW Local Union 888

have threatened the possibility of termination if he fails to comply with this policy. (Id. at 2, 3.)

Plaintiff argues that he has a constitutional right not to be fingerprinted as a condition of employment. (Id. at 3; Memorandum of Law ("Mem.") ¶¶ 2, 4-5, 10.) He asserts employment discrimination pursuant to 42 U.S.C. § 2000(e) and violations of 42 U.S.C. § 1983 and 5 U.S.C. § 552. (Compl. at 2, 3.) Plaintiff also cites New York State Labor Law Section 201-a. (Mem. ¶¶ 2, 6, 9).

Plaintiff seeks injunctive relief prohibiting Defendants from enforcing the fingerprinting policy as applied to him and also demands compensatory money damages in the amount of $500,000 from each defendant. (Compl. at 3.)

## DISCUSSION

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). Furthermore, his pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 46 (2d Cir. 1997) (quoting Albert v. Carovano, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (*en banc*). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

However, "[i]t is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994)). Accordingly, "before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction." Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001) (citations omitted).

Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiff and all defendants are of diverse citizenship and the amount in controversy exceeds $75,000. To invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1995).

Having carefully reviewed Plaintiff's submissions, the Court finds that it does not have subject matter jurisdiction over any of Plaintiff's claims.

**Employment Discrimination Claim**

This Court does not have subject matter jurisdiction over Plaintiff's employment discrimination claim. Title VII of the Civil Rights Act of 1964 prohibits employers from

discriminating on the basis of an individual's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a). In order to bring a claim of employment discrimination, plaintiff must show: (1) membership in a protected class; (2) satisfactory job performance; (3) termination from employment or otherwise adverse employment action; (4) under circumstances giving rise to an inference of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Quaratino v. Tiffany & Co., 71 F.3d 58, 64 (2d Cir. 1995). Only corporate defendants, not individuals, are liable under Title VII. See Tomka v. Seiler Corp., 66 F.3d 1295, 1310 (2d Cir. 1995).

Plaintiff fails to name his employer as a defendant in this action. This Court could grant leave to amend the Complaint to name New York Foundling, so that Plaintiff might assert a claim pursuant to 42 U.S.C. § 2000e. However, the Court finds that amendment would be futile, because such a claim would be dismissed in any case since Plaintiff has not shown that the adverse employment action of termination would be taken on the basis of his race, color, religion, sex or national origin.[1]

Nor could Plaintiff's employment discrimination claim be construed as a claim of unlawful retaliation under 42 U.S.C. § 2000e-3. In order to establish a prima facie cause of

---

[1] Plaintiff does suggest that he "has a personal religious held belief under the First Amendment of the Constitution not to give up his fingerprints for the purpose of employment in that it violates well established rights or secured rights under the constitution or otherwise required by law." (Mem. ¶ 10; see also Id. ¶ 5 ("[I]t violates his personal religious believe [sic] to waive any rights secured to him by the constitution of the United States.") However, it does not appear that Plaintiff is asserting employment discrimination on the basis of religion, nor that he could meet the standard to make out a prima facie case of religious discrimination. "A plaintiff in a Title VII case makes out a prima facie case of religious discrimination by proving: (1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; (3) he or she was disciplined for failure to comply with the conflicting employment requirement." Philbrook v. Ansonia Bd. of Educ., 757 F.2d 476 481 (2d Cir. 1985) (quotations and citations omitted), aff'd Ansonia Bd. of Educ. v. Philbrook, 479 U.S. 60 (1986). Plaintiff has not demonstrated any of these factors. To the extent that he claims a religious belief prohibiting him from waiving constitutional rights, he has not shown that the fingerprinting policy conflicts with this belief, as there is no constitutional right at stake. See Snow v. Oklahoma, 489 F.2d 278, 280 (10th Cir. 1973).

action for retaliation, a plaintiff must demonstrate that (1) he was engaged in a protected activity, (2) his employer knew about his involvement in the protected activity, (3) his employer took an adverse action against the Plaintiff, and (4) there is a causal nexus between the Plaintiff's participation in the protected activity and the adverse action taken by the employer. Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 173 (2d Cir. 2005) (citations and quotations omitted). An employee engages in a protected activity by opposing "any practice made an unlawful employment practice by" Title VII. 42 U.S.C. § 2000e-3(a). Here, Plaintiff was not engaged in a form of protected activity, because the employment practice which Plaintiff opposes is not one that is made unlawful by Title VII.[2]

**Section 1983 Claim**

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citations omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

Plaintiff's § 1983 claims must be dismissed because the Defendants are not state actors. The Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted).

---

[2] Even if Plaintiff had stated a claim under Title VII, he has failed to exhaust his administrative remedies. A Title VII plaintiff is required to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receive a right to sue notice before bringing a Title VII claim in federal court. Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003). Here, Plaintiff does not indicate that he has exhausted his administrative remedies by filing a charge with the EEOC.

In addition, despite Plaintiff's conclusory allegations that Defendants have violated his Fourth and Fourteenth Amendment rights, he does not allege facts to show the deprivation of any federal constitutional right. Plaintiff apparently believes that he has a constitutional right not to be fingerprinted, and cites two cases in support of this belief. Plaintiff's reliance is misplaced. Indeed, Thom v. New York Stock Exchange, 306 F. Supp. 1002 (S.D.N.Y. 1969), aff'd *sub nom*. Miller v. New York Stock Exchange, 425 F.2d 1074 (2d Cir. 1970), upheld the constitutionality of a New York statute requiring all employees of certain financial firms to be fingerprinted as a condition of employment, and summarized numerous policies and statutes requiring fingerprinting for certain employees and other categories of people. This interpretation has not changed in the intervening decades. See Utility Workers Union of America AFL-CIO v. Nuclear Regulatory Comm'n, 664 F. Supp. 136 (S.D.N.Y. 1987) (citing cases). In Davis v. Mississippi, 394 U.S. 721 (1969), the Supreme Court of the United States suppressed the use at trial of fingerprint evidence obtained in conjunction with an illegal detention. Unlike the criminal procedural issues at stake in Davis, an employment policy requiring the submission of fingerprints in order to obtain or retain employment does not implicate the Fourth Amendment's prohibition against unreasonable searches and seizures. Put simply, "there is no constitutional right not to be fingerprinted." Snow v. Oklahoma, 489 F.2d 278, 280 (10th Cir. 1973) (citing Schmerber v. State of Cal., 384 U.S. 757, 764 (1966)).

**The Privacy Act**

Plaintiff also asserts that this Court has federal question jurisdiction over his claims on the basis of the Privacy Act, 5 U.S.C. § 552. (Compl. at 2.) The Privacy Act has no relation to Plaintiff's claims in this action, as it requires agencies within the federal government to maintain

accurate records and gives individuals some control over the gathering, dissemination, and accuracy of agency information. See Devine v. United States, 202 F.3d 547, 550 (2d Cir. 2000) (quoting Privacy Act of 1974, Pub. L. No. 93-579, § 2(B), 88 Stat. 1896 (1974)). Defendants here are not governmental agencies, so they are not covered by the statute. To the extent that Plaintiff asserts a claim under 5 U.S.C. § 552, that claim is dismissed.

**State Law Claims**

Plaintiff also asserts that Defendants' actions violate a provision of New York State Labor Law Section 201-a, which states:

> Except as otherwise provided by law, no person, as a condition of securing employment or of continuing employment, shall be required to be fingerprinted. This provision shall not apply to employees of the state or any municipal subdivisions or departments thereof, or to the employees of legally incorporated hospitals, supported in whole or in part by public funds or private endowment, or to the employees of medical colleges affiliated with such hospitals or to employees of private proprietary hospitals.

NY LABOR § 201-a. Plaintiff asserts that New York Foundling does not meet the definition of a hospital under New York State Public Health Law Section 2801(1).

This Court need not consider whether or not Plaintiff's employer is a hospital under New York Law or whether it meets another exception to the Labor Law. These are state law issues that do not raise any question of federal law, and thus they are not properly before the federal court. As the Court does not have original jurisdiction over any of Plaintiff's federal claims, there is no basis for pendant jurisdiction over his state law claims under 28 U.S.C. § 1367.

**CONCLUSION**

For the reasons stated above, all of Plaintiff's claims are dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. §

1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

       SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
      August 22, 2006